Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| ALEXIS MARTÍNEZ TORRES<br><br>Recurrente<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2025RA00200 | *Revisión de Decisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: B-351-25<br><br>Sobre: Programa de Desvíos y Comunitarios |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 4 de septiembre de 2025.

Comparece el señor Alexis Martínez Torres (en adelante, parte recurrente o señor Martínez Torres) por derecho propio, o *In Forma Pauperis*, mediante *Solicitud de Revisión Judicial*, firmada por este el 12 de agosto de 2025[1] y recibido ante este Tribunal de Apelaciones el 22 de agosto de 2025. Por medio de este, la parte recurrente nos solicita que, revisemos la *Resolución* emitida y notificada el 8 de julio de 2025, por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (en adelante, División de Remedios Administrativos o parte recurrida). En virtud de esta, la División de Remedios Administrativos confirmó la *Respuesta al Miembro de la Población Correccional*.

Por los fundamentos que adelante se esbozan, se desestima el recurso por falta de jurisdicción.

---

[1] Damos por presentado el recurso en dicha fecha.

**I**

Según surge del expediente, el 13 de marzo de 2025, el señor Martínez Torres presentó una *Solicitud de Remedio Administrativo* con Número B-351-25. Le solicitó al Departamento de Corrección y Rehabilitación (DCR), con el propósito de que le informaran cuáles requisitos le faltaban para ser evaluado nuevamente por Programas de Desvíos y Comunitarios.

El 7 de abril de 2025, fue emitida la *Respuesta al Miembro de la Poblaci[ó]n Correccional*. Junto a esta, fue anejada la *Respuesta del [Á]rea Concernida/Superintendente*. En la misma se le explicó a la parte recurrente que, su caso había sido referido para que se le orientara sobre los criterios de elegibilidad de los Programas de Desvío y Comunitarios. Mencionó, además que, la parte peticionaria había sido referida a dichos programas y que, había recibido respuesta el 6 de septiembre de 2024 donde se le notificó que, no cualificó en virtud de la Ley Núm. 137-2004.

Posteriormente, el 12 mayo de 2025, la parte recurrente presentó *Solicitud de Reconsideración*.

El 23 de mayo de 2025, la División de Remedios Administrativos acogió la *Solicitud de Reconsideración*.

Finalmente, el 8 de julio de 2025, la División de Remedios Administrativos emitió la *Resolución* cuya revisión nos atiene. En la misma expresó que, se le orientaba al recurrente que las razones por las cuales fue denegada su petición eran las siguientes:

- ✓ No cualifica en virtud de los dispuesto en la Ley 137 del 3 de junio de 2004. (El Art. 5.05 de la Ley de Armas lo excluye de beneficiarse de Programas de Desvíos) y conforme al Reglamento del programa de Reinserción Comunitaria Núm. 9488 del 9 de agosto de 2023, Art. VIII, Inciso (5).

- ✓ No cumple con criterios de elegibilidad.

Explicó que, al corroborar la Hoja de Control Sobre Liquidación de Sentencia, se percataron que no había ocurrido

cambio alguno en las condiciones de la parte recurrente, por lo cual, si se volvía a referir a la Oficina de Programas de Desvíos y Comunitarios, no habría cambio en la respuesta previamente otorgada. Añadió que, respecto a los seguimientos realizados al señor Martínez Torres por el técnico sociopenal, encontraron que, fue entrevistado en los meses de mayo y junio de 2025. Así, como que, sería referido al Programa de Reinserción Comunitaria en las próximas semanas.

En desacuerdo, la parte recurrente acudió ante este foro revisor mediante el recurso de epígrafe, donde esgrimió los siguientes señalamientos de error:

1. Erró el DCR al concluir que el recurrente no podrá disfrutar de un Programa de Desvío y Comunitario por no cumplir con criterios de elegibilidad según la Ley 137 del 3 de junio de 2004, y por otro lado notifica al recurrente que será referido al Programa de Reinserción Comunitaria en las próximas semanas.

2. Erró el DCR al concluir que el recurrente no podrá disfrutar de un Programa de Desvío y Comunitario en las subsiguientes evaluaciones realizadas por el Comité de Clasificación y Tratamiento, sobre su plan institucional, por el hecho de que no cumple con los criterios de elegibilidad según la Ley 137, supra, y conforme al Reglamento del Programa de Reinserción Comunitaria Núm. 9488, habiendo cumplido el recurrente las condenas por el delito de Ley de Armas.

Por no entender necesaria la comparecencia de la parte recurrida, prescindimos de esta[2].

**II**

### A. Jurisdicción

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Freire Ruiz et al. v. Morales, Hernández*, 2024 TSPR 129, 215 DPR ___

---

[2] En virtud de la Regla 7 del Reglamento del Tribunal de Apelaciones, este tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de disponer el recurso de manera eficiente.

(2024); *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89 (2020).[3] Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *R&B Power, Inc. v. Junta de Subastas ASG*, supra, pág. 698; *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022).[4] La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgtm. Group. v. Oriental Bank*, 204 DPR 374 (2020).[5]

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015); *R&B Power, Inc. v. Junta de Subastas ASG*, supra, pág. 698; *Souffront v. AAA*, supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394-395 (2022).

Cónsono con lo anterior, la Regla 83(C) del Reglamento del Tribunal de Apelaciones[6], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

---

[3] Véase *Torres Alvarado v Madera Atiles*, 202 DPR 495 (2019); *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).
[4] *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).
[5] *Torres Alvarado v Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018); *Souffront v. AAA*, 164 DPR 663, 674 (2005).
[6] Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf.

### B. Perfeccionamiento de Recursos

Como norma general, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987). Es por lo que, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). El incumplimiento con las disposiciones reglamentarias sobre forma, contenido y presentación de los recursos apelativos pudiera tener como consecuencia la desestimación de estos. *Pueblo v. Valentín Rivera*, 197 DPR 636, 641 (2017). Nuestra Máxima Curia ha requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de nuestro Tribunal Supremo como de este Tribunal de Apelaciones. *Hernández Maldonado v. Taco Maker*, supra, pág. 290, *Arraiga v. FSE*, 145 DPR 122, 130 (1998).

La Alta Curia ha dispuesto que, para que un recurso quede perfeccionado es necesaria su oportuna presentación y notificación del escrito a las partes apeladas. *González Pagán v. Moret Guevara*, 202 DPR 1062, 1070-1071 (2019); *Freire Ruiz et al. v. Morales, Hernández*, supra. Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro. Lo anterior, debido a que, una apelación o recurso prematuro, al igual que uno tardío adolece del grave e insubsanable defecto de falta de jurisdicción. *Báez Figueroa v. Adm. Corrección*, supra, pág. 299; *AFI v. Carrión Marrero*, 209 DPR 1 (2022); *Yumac Home Furniture v. Caguas Lumber Yard*, supra, pág. 107. Su presentación carece de eficacia y como consecuencia no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo. *Báez Figueroa v. Adm. Corrección*, supra, pág. 299; *AFI v. Carrión Marrero*, supra, pág. 4.

Un recurso tardío es aquel que se presenta fuera del término disponible para ello, y que, consecuentemente, manifiesta la ausencia de jurisdicción. Desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Yumac Home Furniture v. Caguas Lumber Yard*, supra, pág. 107.

En lo pertinente, en cuanto al término para presentar un recurso de revisión, el Reglamento del Tribunal de Apelaciones, en su Regla 57 dispone lo siguiente:

> El escrito inicial de revisión **deberá presentarse dentro del término jurisdiccional de treinta días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia**, o a partir de la fecha aplicable cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración, a menos que alguna ley especial aplicable disponga un término distinto. Si la fecha del archivo en autos de copia de la notificación de la resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.[7]

Con relación a los términos de cumplimiento estricto y jurisdiccional, el Tribunal Supremo de Puerto Rico expresó en *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92 (2013), lo siguiente:

> Es norma harto conocida en nuestro ordenamiento que un término de cumplimiento estricto puede ser prorrogado por los tribunales. Ello a diferencia de los llamados términos jurisdiccionales, cuyo incumplimiento impide la revisión judicial por privar de jurisdicción a los tribunales. Véase *Cruz Parrilla v. Depto. Familia,* 184 D.P.R. 393 (2012).

Finalmente, conforme ha resuelto el Alto Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de

---

[7] Regla 57 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf.

poder revisar al tribunal de instancia. *Morán v. Marti*, 165 DPR 356, 367 (2005); *Freire Ruiz et al. v. Morales, Hernández*, supra.

En consonancia con lo anterior, nuestra última instancia judicial expresó en *Hernández Jiménez v. A.E.E*, 194 DPR 378, 382-383 (2015) que:

> Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores.[8] Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.[9]

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a resolver.

**III**

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si ostentamos jurisdicción para atender el recurso de epígrafe. Veamos.

Según reseñáramos, la parte recurrente nos solicita en su recurso de revisión que, revisemos la *Resolución* emitida y notificada el **8 de julio de 2025[10]**, por la División de Asuntos Administrativos del DCR. En vista de lo anterior, el recurrente disponía hasta el **7 de agosto de 2025** para recurrir ante este foro revisor. Al examinar el escrito, pudimos constatar que, la parte recurrente firmó el mismo el **12 de agosto de 2025**. Lo que significa que, fue presentado de forma *tardía*.

La Regla 57 del Reglamento de este Tribunal dispone que, el escrito inicial de revisión **deberá presentarse dentro del término jurisdiccional de treinta (30) días** contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o

---

[8] *García Morales v. Mercado Rosario*, 190 DPR 632, 638 (2014).

[9] *Soto Pino v. Uno Radio Group*, supra, pág. 90; *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Arriaga v. F.S.E.*, 145 DPR 122, 130 (1998).

[10] Recibido ante este Tribunal de Apelaciones el 22 de agosto de 2025.

resolución final del organismo o agencia. Dado a que el aludido término es uno *jurisdiccional*, su incumplimiento impide la revisión judicial al privar de jurisdicción al Tribunal.[11]

Como podemos observar, el recurso de epígrafe fue presentado fuera del término jurisdiccional. Consecuentemente, procedemos a desestimar el recurso de revisión de conformidad con la Regla 83(C) del Reglamento de este Tribunal[12], el cual le confiere facultad a este Tribunal para a iniciativa propia desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**IV**

Por los fundamentos que anteceden, se desestima el recurso por falta de jurisdicción.

Notifíquese a las partes, al Procurador General y al Secretario del Departamento de Corrección y Rehabilitación. El Administrador de Corrección deberá entregar copia de esta *Sentencia* al confinado, en cualquier institución donde este se encuentre.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[11] *Soto Pino v. Uno Radio Group,* supra, pág. 92.
[12] Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf.